IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **COMMUNITY FIRST BANK** | * | |
| | * | |
| Plaintiff and | | |
| Counter-Defendant, | * | |
| | | |
| v. | * | CIVIL NO. RDB 04-1359 |
| | | |
| **COMMUNITY BANKS** | * | |
| | | |
| Defendant and | * | |
| Counter-Plaintiff. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Before the Court is Plaintiff Community First Bank's ("CFB") Motion to Alter or Amend Judgment, filed pursuant to Fed. R. Civ. P. 59(e). Plaintiff specifically requests that this Court set aside its March 15, 2005, Memorandum Opinion and Order granting summary judgment in favor of Defendant Community Banks. No hearing is necessary on this motion. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, Plaintiff's Motion to Reconsider, Alter or Amend Judgment is DENIED.

**I.      Background**

This is a trademark infringement action brought by Plaintiff CFB against Defendant Community Banks alleging Maryland state trademark violations. The action was brought in federal court in light of the complete diversity of citizenship between the parties, pursuant to 28 U.S.C. § 1332.

CFB is a small banking institution with a single location in Pikesville, Maryland. Community Banks is a much larger bank based in central Pennsylvania, with several branches throughout the State.

In 2002, Community Banks opened two banking branches in Carroll County, Maryland, and announced its intention to expand throughout the State of Maryland. When CFB learned of Community Bank's expansion plans, the bank sought trademark protection for its name and logo. Although CFB did not seek to register the marks with the federal government, it did register the following marks with Maryland's Secretary of State: (1) the textual mark of "Community First Bank" (registration number: 2003-0009); (2) the stylized mark of "CFB Community First Bank" (registration number: 2003-0010); and (3) the stylized mark of "CFB" (registration number: 2003-0011). In its registration statements, CFB claims that the marks have been in use by the company since April of 1998. After unsuccessful attempts to negotiate with Community Banks, CFB filed suit in this Court for trademark infringement, under Maryland trademark law. Defendant Community Banks filed a Counterclaim seeking to cancel CFB's Maryland trademarks, and seeking damages.

On January 18, 2005, after an extensive period of discovery, Defendant filed a Motion for Summary Judgment, contending that Plaintiff's trademarks are not subject to trademark protection. On January 31, 2005, Plaintiff CFB filed a Motion for Partial Summary Judgment as to its trademark infringement action arguing that there is no genuine issue as to the validity of its trademarks or as to Community Banks' infringement thereof. The Court conducted a lengthy hearing on those motions on March 4, 2005.

On March 15, 2005, this Court issued a Memorandum Opinion and Order granting Defendant's Motion for Summary Judgment with respect to Plaintiff's trademark infringement claims, and with respect to Defendant's Counterclaim seeking to cancel the Maryland registration of CFB's marks. Specifically, the Court ordered the Maryland Secretary of State to cancel: (1) the textual mark

of "Community First Bank" (registration number: 2003-0009); and (2) the stylized mark of "CFB Community First Bank" (registration number: 2003-0010).  The Court's holding did not apply to the stylized mark of "CFB" (registration number: 2003-0011).[1]

The Court also denied Plaintiff's Motion for Partial Summary Judgment with respect to CFB's trademark infringement claims, and granted that Motion with respect to Defendants' Counterclaim for damages.  In reaching these holdings, the Court found that the two cancelled trademarks are not subject to protection under Maryland law because the marks are generic, or, alternatively, that the marks are descriptive and that Plaintiff failed to present evidence that the marks had acquired secondary meaning.  *See Community First Bank v. Community Banks,* 360 F. Supp. 2d 716, 726 (D. Md. 2005).

## II.     Standard of Review

This Court has previously recognized that a "motion for reconsideration [pursuant to Fed. R. Civ. P. 59(e)] is granted only in limited circumstances."  *Erskine v. Board of Educ.*, 207 F. Supp. 2d 407, 408 (D. Md. 2002) (quoting  *Microbix Biosystems, Inc. v. BioWhittaker, Inc.,* 184 F. Supp. 2d 434, 436 (D. Md. 2000)); *see also RGI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658 (4th Cir. 1992).   "[T]he federal courts generally have invoked Rule 59(e) only to support reconsideration of matters properly encompassed in a decision on the merits."  *Erskine*, 207 F. Supp. 2d at 408 (quoting *White v. New Hampshire Dept. of Employment Sec.,* 455 U.S. 445, 451 (1982)).  The United

---

[1] At the March 4, 2005, hearing, Counsel for the Defendant Community Banks withdrew its Counterclaim as to this mark, and Plaintiff's counsel acknowledged that it had no infringement claim against Defendant as to that mark.

3

States Court of Appeals for the Fourth Circuit has held that a motion for reconsideration may only be granted: " '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.' " *Bogart v. Chapell,* 396 F.3d 548, 555 (4th Cir. 2005) (quoting *United States v. Westinghouse Savannah River Co.,* 305 F.3d 284, 290 (4th Cir.2002) quoting in turn *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir.1998)).  Rule 59(e) "motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pacific Ins. Co. v. American Nat. Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998) (citing, *inter alia,* 11 C. Wright, A. Miller, and M. Kane, *Federal Practice and Procedure* § 2810.1 at 127-28 (2d ed. 1995) ("The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").

**III.    Analysis**

Plaintiff urges the Court to set aside the summary judgment ruling based upon three arguments. First, Defendant submits that the fact that the United States Patent and Trademark Office ("PTO") granted trademark registration to a Michigan bank for the name "Community First Bank" is strong evidence that the name is neither generic nor descriptive.  Second, Plaintiff submits that the report of its expert, Scott McBride, demonstrates that consumers understand the stylized trademark refers to a particular provider of banking services and not the general class of banks.  Finally, Plaintiff argues that the fact that Defendant abandoned its Counterclaim seeking to cancel the stylized "CFB" mark, at the March 4, 2005, summary judgment hearing, somehow validates the distinctiveness of the other marks.

Plaintiff's primary argument is that this Court's ruling that two of its trademarks are either generic or distinctive is undermined by the fact that the PTO issued a registration for the name "Community First Bank" to CFSB Bancorp., Inc. ("CFSB"), a Michigan-based banking institution. Prior to filing the instant motion, Plaintiff made no reference to the CFSB trademark. As both parties acknowledge, under the federal Lanham Act,[2] the issuance of a certificate of registration arms *the registrant* with "*prima facie* evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark." *Retail Services, Inc. v. Freebies Publishing,* 364 F.3d 535, 542 (4th Cir. 2004) (quoting 15 U.S.C.A. § 1057(b) (West 1997)). In addition, the United States Court of Appeals for the Fourth Circuit has recognized that, "[b]ecause the PTO may not register a generic mark, the fact that a mark is registered is strong evidence that the mark satisfies the statutory requirements for the distinctiveness necessary for trademark protection." *Id.* The registration provides "*the registrant* [with] . . . *prima facie* evidence that its mark is not generic in the eyes of the relevant public . . . and that its mark . . . at a minimum is descriptive *and* has obtained secondary meaning." *Id.* (quoting *America Online, Inc. v. AT&T Corp.,* 243 F.3d 812, 816 (4th Cir.2001)) (emphasis supplied). "The presumption of validity flowing from trademark registration, therefore, has a burden-shifting effect,

---

[2]Although Plaintiff has sued under Maryland trademark law, the Maryland courts have recognized that "trademark infringement cases under either the Maryland statute or the [federal] Lanham Act [15 U.S.C. §§ 1051 *et seq.*] are based on the same legal theory and require the same proof." *Mid South Bldg. Supply of Maryland, Inc. v. Guardian Door and Window, Inc.,* 156 Md. App. 445, 460, 847 A.2d 463, 471-72 (Md. App. 2004); *accord Sterling Acceptance Corp. v. Tommark*, Inc., 227 F. Supp. 2d 454, 460 (D. Md. 2002) (holding that the same legal standards and analysis apply to cases brought under Maryland and federal trademark infringement statutes).

requiring the party challenging a registered mark to produce sufficient evidence to establish that the mark is generic by a preponderance of evidence." *Retail Services,* 364 F.3d at 542.

As a preliminary matter, Plaintiff seems to have overlooked the fact that CFB does not have a federal trademark registration and that it has never sought to obtain one. Moreover, despite Plaintiff's suggestions to the contrary, none of the authority cited by Plaintiff would extend the presumption of validity accorded to a trademark holder to a separate entity seeking state trademark protection. *See, e.g., Retail Services,* 364 F.3d at 542 (applying presumption to trademark holder); *U.S. Search, LLC v. U.S. Search.Com, Inc.,* 300 F.3d 517 (4th Cir. 2002) (same).

However, even extending the presumption of validity to Plaintiff's marks, for the sake of argument, this Court's holdings would not change. As the Fourth Circuit recognized in *Retail Services,* 364 F.3d at 542, the presumption of validity may be overcome by sufficient evidence that "the *primary* significance of the mark [is] its indication of the nature or class of the product or service, rather than an indication of source." *Id.* at 544 (quoting *Glover v. Ampak, Inc.,* 74 F.3d 57, 59 (4th Cir. 1996)) (emphasis original). In entering judgment in favor of Defendant in this case, the Court found that the record contained substantial evidence that the term "community bank" is generic, including testimony by Plaintiff's own principals, and extensive use of the term by other banks and organizations. *Community First Bank,* 360 F. Supp. 2d at 724-25. In contrast, the Court noted that Plaintiff had adduced virtually no reliable evidence to establish that the marks were distinctive. *See id.* As recognized by the Fourth Circuit, "[s]uch one-sided evidence necessarily rebuts the presumption of non-genericness." *Retail Services, Inc.*, 364 F.3d at 546.

Likewise, the presumption of validity would not affect the Court's alternative holding that, even

6

if the marks are distinctive, Plaintiff failed to present adequate evidence of secondary meaning. The Fourth Circuit has recognized the following factors as relevant to the determination of secondary meaning:  1) advertising expenditures, 2) consumer studies linking the mark to a source, 3) sales success, 4) unsolicited media coverage of the product, 5) attempts to plagiarize the mark, and 6) the length and exclusivity of the mark's use. *Perini Corp. v. Perini Construction, Inc.,* 915 F.2d 121, 125 (4th Cir. 1990) (citing *Thompson Medical Co. v. Pfizer, Inc.* 753 F.2d 208, 217 (2d Cir.1985)).[3]  Based on the record, the Court found that Plaintiff had failed to satisfy these factors and therefore could not demonstrate secondary meaning as a matter of law. *Community First Bank,* 360 F. Supp. 2d at 726.  Given the absolute lack of evidence of secondary meaning in this case, the Plaintiff cannot show a clear error of law, an intervening change in controlling law, or manifest injustice. *Cf. Retail Services, Inc.*, 364 F.3d at 546; *see Bogart,* 396 F.3d at 555.

Furthermore, the registration certificate constitutes new evidence which should not be considered by this Court after judgment has been entered. The Fourth Circuit has held that district courts may consider such evidence only if the party seeking reconsideration demonstrates that the evidence was previously unavailable. *See Bogart v. Chapell,* 396 F.3d 548, 555 (4th Cir. 2005). No such showing was made here. To the contrary, Plaintiff concedes that it had the evidence prior to the

---

[3]At the March 4, 2005 hearing, this Court gave Plaintiff's counsel an opportunity to proffer evidence as to each one of these factors.  The only factor that was even arguably satisfied by Plaintiff's proffer was the second factor–consumer studies.  As to that factor, as Defendant aptly notes, Plaintiff never submitted the expert report of Malcom Berman nor his deposition testimony.  Defendant had previously raised the specter of numerous challenges to the admissibility of the testimony, surveys and expert opinions stated therein.  However, because Plaintiff never submitted the documents, Defendant never raised the challenge and the Court never had the opportunity to consider the reliability of the results.

7

March 2005 hearing, and that Plaintiff's counsel elected not to submit it because counsel had not received "confirmation from the USPTO that secondary meaning evidence was not required to be shown prior to registration." (Pl.'s Mot. Recons. at 4.) While Plaintiff's election not to submit the available evidence may constitute a strategic error, it is not a basis upon which this Court may grant a motion to reconsider. *See Cray Communications, Inc. v. Novatel Computer Sys., Inc.*, 33 F.3d 390, 395 (4th Cir.1994) (Plaintiff's belief that presentation of affidavit was "unnecessary" at summary judgment stage did not warrant reconsideration); *RGI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658, 662 (4th Cir.1992) (Plaintiff's misunderstanding parties' burdens under summary judgment standard not a basis for reconsideration).

For the same reason, Plaintiff's second and third arguments provide no basis for reconsideration. As to the expert opinions concerning the distinctiveness of CFB's marks, Plaintiff did not choose to submit the portions of the expert report, which were obviously available to it during the summary judgment proceedings. As a result, the Court may not consider the evidence on reconsideration. *See Pacific Ins. Co.,* 148 F.3d at 403. Similarly, the alleged "concession" was made by Defendants' counsel at the summary judgment hearing.[4] Plaintiff was given every opportunity to argue the legal effect of the "concessions" at that time. The Court considered Plaintiff's arguments in

---

[4]The fact that Defendant abandoned its Counterclaim to the "CFB" mark does not amount to an admission that any of the marks are distinctive. Defendant has consistently pressed the position that the words "Community" and "Bank" are generic or distinctive and thus should be stricken. Defendant takes no issue with the "CFB" logo.  However, as this Court noted, under Maryland law, when a portion of a mark is generic, the entire mark is void. *See Community First Bank,* 360 F. Supp. 2d at 727 n.4. Thus, the fact that Defendant abandoned its claim as to the "CFB" logo has no relevance to the determination as to whether the remaining marks, which also contain that logo, are distinctive.

8

making its ruling. Nothing in Plaintiff's instant Motion would compel this Court to revisit its determination as to those arguments.

In sum, Plaintiff has failed to show that there has been an intervening change in controlling law, that there is any new evidence not previously available, or that set aside of the judgment is necessary to correct a clear error of law or prevent manifest injustice. *See Bogart,* 396 F.3d at 555. Accordingly, Plaintiff's Motion to Alter or Amend Judgment will be denied.

### IV. Conclusion

For the foregoing reasons, Plaintiff's Motion to Alter or Amend Judgment is DENIED. A separate Order follows.

Date:   May 20, 2005                    /s/
                                        Richard D. Bennett
                                        United States District Judge